In re CONSECO, INC. SECURITIES
LITIGATION.

and

In re Conseco, Inc. Derivative
Litigation.

Nos. IP 00–585–C–Y/S,
IP 00–655–C–Y/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 28, 2000.

Stephen B. Caplin, Stephen B. Caplin, P.C., Indianapolis, IN.

James S. Goldstein, Caplin Park Tousley & McCoy, Indianapolis, IN.

Irwin B. Levin, Cohen & Malad, Indianapolis, IN.

Douglas M. McKeige, Bernstein Litowitz Berger & Grossmann LLP, New York City.

Gregory P. Joseph, Fried Frank Harris Shriver & Jacobon, New York City.

David E. Wright, Leagre Chandler & Millard LLP, Indianapolis, IN.

Edwin J. Mills Stull Stull & Brody, New York City.

Peter G. Tamulonis, Kightlinger & Gray, Indianapolis, IN.

Joseph H. Weiss, Weiss & Yourman, New York City.

Jay P. Kennedy, Kroger Gardis & Regas, Indianapolis, IN.

Anne N. Deprez, Barnes & Thornburg, Indianapolis, IN.

Dennis J. Block, Cadwalader Wickersham & Taft, New York City.

James A. Knauer, Kroger Gardis & Regas, Indianapolis, IN.

Shane T. Rowley, Faruqi & Faruqi, New York City.

Jules Brody, Stull Stull & Brody, New York City.

Harvey Greenfield, The Law Firm of Harvey Greenfield, New York City.

Robert G. Barker, Barker & Reininga, Indianapolis, IN.

Robert M. Kornreich, Wolf Popper LLP, New York City.

Daniel S. Sommers, Washington, DC, Steven J. Toll, Cohen Milstein Hausfeld & Toll, Seattle, WA.

Martin Chitwood, Chitwood & Harley, Atlanta, GA.

Jacqueline Sailer, Rabin & Peckel, New York City.

Sherrie Savett Berger & Montague, P.C., Philadelphia, PA.

Lionel Glancy, The Law Office of Lionel Glancy, Los Angeles, CA.

Brian Murray, Rabin & Peckel LLP, New York City.

Steven E. Cauley, Cauley & Geller, Little Rock, AR.

Brian J. Robbins, Cauley & Geller LLP, San Diego, CA.

Raymond J. Hafsten, Jr., Law Offices of Raymond J. Hafsten Jr., Indianapolis, IN.

Mark Reinhardt, Reinhardt Reinhardt & Anderson, St. Paul, MN.

Richard S. Schiffrin, Schiffrin & Craig, Philadelphia, PA.

Mark E. Maddox, Maddox Koeller Hargett & Caruso, Indianapolis, IN.

Michael Hyman, Much Shelist Freed Denenberg Ament & Rubenstein, Chicago, IL.

Jeffrey R. Krinsk, Finkelstein & Krinsk, San Diego, CA.

Alfred G. Yates, Jr., Pittsburgh, PA.

David Harrison, Lowey Dannenberg Bemporad & Selinger, White Plains, NY.

Peter Lagorio, Gilman & Pastor LLP, Boston, MA.

Lance W. Wonderlin, Indianapolis, IN.

Michael A. Kiefer, Garrison & Kiefer, Indianapolis, IN.

Mark Strauss, Kirby McInerny & Squire, New York City.

Scott W. Fisher, Garwin Bronzaft Gerstein & Fisher, New York City.

Jerry Garau, Findling Garau Germano and Pennington, P.C., Indianapolis, IN.

Jerald M. Stein, Law Office of Jerald M. Stein, New York City.

Arthur Abbey, Abbey Gardy & Squitieri, New York City.

Deborah J. Caruso, Dale & Eke, Indianapolis, IN.

Sydney L. Steele, Lowe Gray Steele & Darko, Indianapolis, IN.

Karen L. Morris, Morris & Morris, Wilmington, DE.

Michael Brautigan, Gene Mesh & Associates, Cincinnati, OH.

Richard Brualdi, Richard Brualdi Law Firm, New York City.

Richard D. Hailey, Ramey & Hailey, Indianapolis, IN.

John P. Zuccarini, Elwood Simon & Associates P.C., Birmingham, MI.

Robert I. Harwood, Wechsler Harwood Halebian & Feffer, New York City.

Scott A. Weathers, Huffer & Weathers, P.C., Indianapolis, IN.

Terry Noffsinger, Noffsinger & Barnett, Evansville, IN.

Warren Rubin, Law Offices of Bernard M. Gross P.C, Philadelphia, PA.

Philip H. Hayes, The Law Offices of Philip H. Hayes, Evansville, IN.

## ORDER ADDRESSING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S COUNSEL

YOUNG, District Judge.

In the Court's September 22, 2000 Order, the Court ordered that all securities actions be consolidated and that all derivative actions be consolidated. In that same Order, the Court deferred ruling on the parties' Motions for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Counsel. This Order addresses those Motions. For the reasons set forth below, the court appoints Anchorage Police & Fire Retirement System ("Anchorage") and the State of Louisiana Firefighters' Retirement System ("Louisiana Fire") (together "Anchorage & Louisiana Fire") as lead plaintiffs for the securities action, and approves the law firm of Bernstein Litowitz Berger & Grossman, L.L.P., as lead counsel, and Caplin Park Tousley & McCoy and the Law Offices of Philip H. Hayes, as liaison counsel. The Court appoints the Gintel Plaintiffs as lead plaintiffs for the

derivative action, and approves Abbey Gardy & Squitieri, L.L.P., as lead counsel, and Kroger Gardis & Regas as liaison counsel.

## I. The Securities Claims

### A. Appointment of Lead Plaintiff

Twelve movants have filed motions (pursuant to 15 U.S.C. § 77z–1(a)(3)(B) and 15 U.S.C. § 78u–4(a)(3)(B)) seeking to be appointed as lead plaintiff of the securities claims: (1) Anchorage & Louisiana Fire, (2) The Grieves Group, (3) The Thales Management Fund, L.L.C. ("Thales"), (4) Ben Yevzeroff ("Yevzeroff"), (5) The Conseco Plaintiff's Group, (6) Daniel Cronin, (7) Charles I. Irle, (8) Anthony Chacharone, (9) The Nicholson Group, (10) David Tartikoff, (11) Rodney Powers, and (12) Ingeborg Hollwoeger, Seymour Berman and Jack Ostrow.

 The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z–1(a)(3)(B)(I) and 15 U.S.C. § 78u–4(a)(3)(B)(I). To this end, the statute sets forth a rebuttable presumption that the "most adequate plaintiff" is "the person or group of persons" that has "the largest financial interest in the relief sought by the Class." *Id.* This presumption may be rebutted upon proof by a member of the purported plaintiff class, that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 71–z1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78–

u4(a)(3)(B)(iii)(II). As the Court has previously stated, the "PSLRA was enacted with the explicit hope that institutional investors, who tend to have by far the largest financial stakes in securities litigation, would step forward to represent the class and exercise effective management and supervision of the class lawyers." *Sakhrani v. Brightpoint, Inc.*, 78 F.Supp.2d 845, 850 (S.D.Ind.1999). Based on the mandate of the PSLRA, and its subsequent interpretation by the federal courts, this Court finds that Anchorage & Louisiana Fire are the "most adequate plaintiffs" pursuant to the statute.

Anchorage & Louisiana Fire sustained a substantial loss of approximately $1.6 million. The PSLRA sets forth a presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest. 15 U.S.C. § 78z–1(a)(3)(B)(I) and 15 U.S.C. § 78u–4(a)(3)(B)(I). Anchorage & Louisiana Fire are therefore presumed to be the most adequate plaintiff compared to the other movants with smaller losses.[1] Moreover, in contrast to the bare certification forms submitted by all other movants, Anchorage & Louisiana Fire provide a lengthy joint-affidavit by two of its representatives, Charles M. Laird (Anchorage) and Michael D. Hemphill (Louisiana Fire). Messrs. Laird and Hemphill both describe their respective pension funds, where they are based, their prior experience in similar litigation, and their position and responsibilities within their institutions. Their affidavits demonstrate that these two pension funds are willing to prosecute this case, understand the role of lead plaintiff under the provisions of the PSLRA, and wish to undertake the responsibility and work entailed in being lead plaintiff. In addition, Anchorage & Louisiana Fire have already negotiated a fee agreement with counsel, reflecting an

---

**1.** The movants with smaller losses include the following: The Conseco Plaintiff's Group ($459,000 loss approximately), Daniel Cronin ($495,000 loss approximately), Charles I. Irle, ($165,000 loss approximately), Anthony Chacharone ($113,000 loss approximately), The Nicholson Group ($65,000 loss approximately), David Tartikoff ($33,000 loss approximately), Rodney Powers ($83,000 loss approximately), and Ingeborg Hollwoeger, Seymour Berman and Jack Ostrow ($259,000 loss approximately).

interest in protecting the class and an ability to control their lawyers, which has not been demonstrated by the other movants. The Court is therefore satisfied that Anchorage & Louisiana Fire is the "most adequate plaintiff."

■ There are three movants (Thales, The Grieves Group and Yevzeroff), however, who claim losses exceeding Anchorage & Louisiana Fire's loss. Thales states that it has a $2.9 million loss. The Court, however, is concerned about the appointment of Thales as lead plaintiff for several reasons, and as a result, does not believe it is the most adequate plaintiff. First, at least one court has previously rejected Thales as a lead plaintiff. In *In re Bank One Shareholders Class Actions*, 96 F.Supp.2d 780, 783–84 (N.D.Ill.2000), the court rejected Thales because it purchased securities for other investors, and because its arbitrage trading strategy rendered the fund inadequate. Secondly, in a case where Thales was appointed lead plaintiff, it subsequently withdrew without explanation. *In re Baker Hughes Securities Litigation*, June 23, 2000, Notice of Withdrawal of Plaintiff Thales Fund Management And Its Counsel, No. H–99–4281, (S.D.Tex. 2000). Finally, Thales has not submitted the quality of information submitted by Anchorage & Louisiana Fire. The Court therefore has very little basis to evaluate the ability of Thales to prosecute this case, agrees with the concerns expressed in *Bank One*, and as a result, does not believe Thales is the most adequate plaintiff.

■ The Grieves Group is an aggregation of unrelated investors that when assembled together by their counsel, amass approximately a $2.2 million loss. While a lead plaintiff "group" may be permissible, this District Court has stressed that aggregating parties "that have nothing in common with one another beyond their investment is not an appropriate interpretation of the term 'group' in the PSLRA." *Sakhrani*, 78 F.Supp.2d at 853. The Court takes notice that many firms here, including the firm representing the Grieves Group, sent numerous notices over the press wire, in what other courts have described as an attempt to recruit potential plaintiffs in order to create a 'group' with the largest loss. *See In re Network Associates, Inc., Securities Litigation*, 76 F.Supp.2d 1017, 1026 (N.D.Cal.1999) ("lawyers ha[ve] taken advantage of the PSLRA by recruiting individual clients and then packaging them together as a 'group'"). The majority of courts have refused to appoint as lead plaintiff similarly aggregated groups of parties, and this Court agrees with that position. *Sakhrani*, 78 F.Supp.2d 845; *In re Network Assocs.*, 76 F.Supp.2d 1017. In addition, the notices that were disseminated here may be misleading. They do not clearly dispel the belief often held by investors, "that returning the form is a prerequisite to participation in any ultimate recovery—when it plainly is not under the law." *Network Assocs.* 76 F.Supp.2d at 1022. Nor do the firms apprize investors that they need not sign up with counsel disseminating the form. *Id.* Recently, federal courts have expressed concerns about these potentially misleading notices. *See, e.g., Sakhrani*, 78 F.Supp.2d 845; *Network Assocs.* 76 F.Supp.2d 1017. For all these reasons, the Court is not confident in the Grieves Group as being the most adequate plaintiff.[2]

■ Although Yevzeroff suffered a $1.8 million loss the Court declines to appoint him as lead plaintiff. Beyond the fact that his stated loss is nominally higher than Anchorage & Louisiana Fire's, Yevzeroff has not submitted the quality of informa-

**2.** Anchorage & Louisiana Fire have documented that they have a pre-existing relationship, and are a small group—only two parties. Several courts have appointed small groups of public pension funds to serve as lead plaintiff. *See, e.g., In re Cendant Corp. Litigation,* 182 F.R.D. 144 (D.N.J.1998) (three pension funds were appointed as co-lead plaintiffs); *Switzenbaum v. Orbital Sciences Corp.,* 187 F.R.D. 246 (E.D.Va.1999) (five pension funds appointed as co-lead plaintiffs).

tion that would give this Court the confidence that as a sole individual investor, he is capable of adequately representing the purported class and controlling lead counsel. Yevzeroff's certification form, when compared to the affidavit provided by Anchorage & Louisiana Fire, does not provide the quality of information about himself that would give the Court confidence in appointing him as lead plaintiff over institutional investors such as Anchorage & Louisiana Fire. Congress has expressed a preference for institutional investors to be appointed lead plaintiff. *Sakhrani*, 78 F.Supp.2d at 850. For these reasons, Yevzeroff is rejected as lead plaintiff.

## II. Selection of Lead Counsel

■ The PSLRA provides that the "most adequate plaintiff, shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z–1(a)(3)(v) and 15 U.S.C. § 78u–4(a)(3)(v). Anchorage & Louisiana Fire have selected and retained the firm of Bernstein Litowitz Berger & Grossmann, to represent them in this action. This firm has considerable experience in prosecuting class actions. It has been represented to the Court that the firm has agreed with Anchorage & Louisiana Fire to a percentage fee award that is substantially below fee awards that are generally granted in securities class actions.

## III. The Derivative Claims

### A. Appointment of Lead Plaintiff

Two (2) movants have filed motions seeking to be appointed as lead plaintiffs of the derivative claims: (1) The Gintel Plaintiffs and (2) The Rogney Plaintiffs.

■ The PSLRA does not directly apply to derivative actions. However, given the unique circumstances of this case, this Court finds the reasoning behind it is persuasive.

■ As previously stated, there is a presumption that the most adequate plaintiff is the person determined by the Court to have the "largest financial interest in the relief sought." *Sakhrani*, 78 F.Supp.2d at 854. It is clear that the Gintel Plaintiffs, which include a mutual fund, are the type of investors contemplated by the PSLRA as presumptively favored for designation as "lead plaintiff", i.e. institutional investors or those with very large stock holdings. The Gintel Plaintiffs own 3.9725 million shares of Conseco common stock, which translates into an approximate loss of tens of millions of dollars. This loss dwarfs that of the Rogney Plaintiffs, whose total loss is approximately $100,000 dollars. Moreover, the Gintel Plaintiffs provide the affidavit of its representative, Robert M. Gintel ("Gintel Aff."). Messr. Gintel is the Chairman of the Board, Chief Executive Officer, and Trustee of the Gintel Fund. (Gintel Aff., ¶ 2). Mssr. Gintel has 46 years of relevant experience upon which to draw, including successful derivative litigation and proxy contests, service on the board of directors of five public companies, and having been Chairman of the Board and Vice Chairman of the Board of two of those companies. (Gintel Aff., ¶¶ 5–7). It is apparent to this Court that Mssr. Gintel is willing to prosecute this case and understands the importance of this appointment and its accompanying responsibilities. Accordingly, the Court is satisfied that the Gintel Plaintiffs are the "most adequate plaintiff."

The Rogney Plaintiffs express concern that the Gintel Plaintiffs substantial purchases of Conseco common stock during the class period make them inadequate lead plaintiffs. The logic behind this argument is that the Gintel Plaintiffs will be more interested in the outcome of the securities class action litigation than with the derivative class action litigation of which they are a part. The Court is not persuaded by the Rogney Plaintiffs' reasoning; for to adopt their position would mean that large institutional investors would be forever precluded from being derivative plaintiffs.

### B. Selection of Lead Counsel

The Gintel Plaintiffs have selected and retained the law firm of Abbey Gardy & Squitieri, L.L.P. to represent them in this action. This firm has extensive experience in class action and derivative litigation, as is demonstrated by the firm's resume, annexed as Exhibit B to the Affidavit of Jill Abrams.

### IV. Order

It is hereby ordered that,

(1) With regard to the securities action:

 (a) Anchorage & Louisiana Fire are appointed lead plaintiffs;

 (b) Anchorage & Louisiana Fire's choice of counsel, Bernstein Litowitz Berger & Grossman L.L.P. is approved as lead counsel;

 (c) Anchorage & Louisiana Fire's choice of liaison counsel, Stephen B. Caplin, from Caplin Park Tousley & McCoy, Indianapolis, Indiana, and Philip H. Hayes from the Law Offices of Philip H. Hayes, Evansville, Indiana, are approved as liaison counsel;

(2) With regard to the derivation action:

 (a) The Gintel Plaintiffs are appointed lead plaintiffs;

 (b) The Gintel Plaintiffs' choice of counsel, Abbey Gardy & Squitieri, L.L.P., is approved as lead plaintiff's counsel;

 (c) The Gintel Plaintiffs' choice of liaison counsel, Kroger Gardis & Regas, is approved as liaison counsel. IT IS SO ORDERED this day of September, 2000.